Scott C. Borison (CA Bar No. 289456)
1900 S. Norfolk St. Suite 350
San Mateo CA 94403
(301) 620-1016
Scott@borisonfirm.com

Yongmoon Kim (to be admitted *pro hac vice*)
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
ykim@kimlf.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN ANTISTA and CAMILLA A. TOFT, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC., and JOHN DOES 1 to 10,<br><br>Defendant. | Case No. **'20CV2234 BEN JLB**<br><br>CLASS ACTION COMPLAINT<br><br>1. Negligent Violations of the Telephone Consumer Protection Act [47 U.S.C. § 227(b)]<br>2. Willful Violations of the Telephone Consumer Protection Act [47 U.S.C. § 227(b)]<br>3. Negligent Violations of the Telephone Consumer Protection Act [47 U.S.C. §227(C)]<br>4. Willful Violations of the Telephone Consumer Protection Act [47 U.S.C. §227(C)]<br><br>JURY TRIAL DEMAND |

## **CLASS ACTION COMPLAINT**

Plaintiffs Lynn Antista and Camilla A. Toft ("Plaintiffs"), individually and on behalf of all others similarly situated, by way of Class Action Complaint against Defendant Midland Credit Management, Inc., and John Does 1 to 10, alleges upon personal knowledge, the investigation of

their counsel, and information and belief, as follows:

## I. NATURE OF ACTION

1. Plaintiffs bring this action for injunctive relief, statutory damages, and other legal and equitable remedies due to the illegal actions taken by Midland Credit Management, Inc. ("MCM") in contacting Plaintiffs and other Class Members on their cellular telephones without these individuals' prior express consent, within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* and the Federal Communication Commission ("FCC") Rules promulgated thereunder, 47 C.F.R. § 64.1200 ("TCPA"). MCM has violated the TCPA by contacting Plaintiffs and Class Members on their cellular telephones via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227(a)(1), and/or by using "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A), without these individuals' prior express consent, within the meaning of the TCPA.

## II. JURISDICTION AND VENUE

2. The Court has federal question jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227 et seq.

3. This Court has personal jurisdiction over Defendant Midland Credit Management, Inc.

4. Defendant Midland Credit Management, Inc. ("MCM") is a business with a principal office at 2365 Northside Drive, Suite 300, San Diego, California and its conduct at issue occurred in, or was directed by, persons in California.

5. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a), as MCM is deemed to be a resident in any judicial district in which they are subject to personal jurisdiction at the time an action is commenced, and MCM's contact with this District are sufficient to subject them to personal jurisdiction.

### III. PARTIES

6. Plaintiffs are, and at all times mentioned herein was, an individual citizen of the State of New Jersey.

7. Defendant MCM is an incorporated company and business corporation formed in the State of Kansas and with its principal place of business in the State of California.

### IV. TELEPHONE CONSUMER PROTECTION ACT OF 1991 ("TCPA"), 47 U.S.C. § 227

8. In 1991, Congress enacted the TCPA[1] in response to a growing number of consumer complaints as to certain telephone contact practices.

9. TCPA regulates, among other things, the use of artificial or prerecorded messages. The plain language of Section 227(b)(1)(A)(iii) specifically prohibits the use of artificial or prerecorded messages to make any call to a wireless telephone number in the absence of emergency or without the prior express consent of the called party.[2]

10. According to findings made by the FCC, the agency that the United States Congress vested with authority to issue regulations implementing the TCPA, such telephone calls are prohibited because Congress found that automated and prerecorded calls pose a greater nuisance and invasion of privacy than live solicitation calls, and the calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls regardless of whether they pay in advance or after the minutes are spent.[3]

11. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 ("TCPA"). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*

[2] 47 U.S.C. § 227(b)(1)(A)(iii).

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

that autodialed and prerecorded message calls to wireless telephone numbers made by creditors (or on behalf of creditors) are permitted only if such calls are made with the "prior express consent" of the called party.[4] The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[5]

12. The FCC emphasized in the same Declaratory Ruling that creditors and their third-party debt collectors are liable pursuant to the TCPA for debt collection calls made on creditors' behalf. ("A creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call... A third party collector may also be liable for a violation of the Commission's rules."[6]).

### V. FACTUAL ALLEGATIONS

13. Each of the Plaintiffs are, and at all times mentioned herein were, a "person" as defined by 47 U.S.C. § 153(39).

14. Plaintiff Antista has possessed her current cellular telephone number for approximately 14 years.

15. Plaintiff Antista received telephone calls on her cellular telephone on November 15, 2016, from telephone number 480-448-3778; on January 3 and January 4, 2017, from telephone number 602-362-4190.

16. Plaintiff Antista picked up but when she picked up there was a pause before anyone

---

[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("2008 FCC Declaratory Ruling"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

[5] 2008 FCC Declaratory Ruling, 23 F.C.C.R. at 564-65 (¶ 10).

[6] *Id*.

spoke, which is an indicator that the calls were placed using an automated dialer.

17. Each and all of these telephone calls were not for Plaintiff Antista. A MCM representative informed Plaintiff Antista that the calls were regarding her husband and her husband's Capital One account.

18. Plaintiff Antista told MCM to stop calling but MCM continued to call.

19. Plaintiff Toft has possessed her current cellular telephone number since August 2, 2011.

20. Plaintiff Toft received telephone calls on her cellular telephone on January 6 and January 11, 2017, from telephone number 248-216-1545; on January 16, 2017, from telephone number 947-333-9327; on February 20, 2017, from telephone number 248-216-1550; on November 21, 2017, from telephone number 800-416-6433; on December 23 and December 29, 2017 from telephone number 248-216-1545.

21. Plaintiff Toft received a call from MCM around April 2017 and told the female representative not to call her anymore. Yet, Plaintiff Toft received at least three additional calls.

22. Plaintiff Toft never provided MCM or the original creditor, CitiFinancial Services, Inc. ("CitiFinancial") her current cellular telephone number.

23. Plaintiff Toft opened a CitiFinancial account on August 20, 2008 and defaulted on the account sometime in June 2010.

24. Defendants are, and at all times mentioned herein were, each a "person" as defined pursuant to 47 U.S.C. § 153(39).

25. The telephone numbers at which Plaintiffs were contacted on, utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," were each assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

26. Plaintiffs did not provide their "prior express consent" to allow Defendant to place calls to Plaintiffs' cellular telephone number utilizing an "artificial or prerecorded voice" or placed

by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

27. Moreover, Defendant's calls placed to Plaintiffs' cellular telephone number were not made "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

28. Defendant's calls to Plaintiffs' cellular telephone numbers utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," made for non-emergency purposes and in the absence of Plaintiffs' prior express consent violated 47 U.S.C. § 227(b)(1)(A).

29. Pursuant to the TCPA and the FCC's January 2008 Declaratory Ruling, it is Defendant's burden to demonstrate that Plaintiffs provided Defendant with "prior express consent" within the meaning of the Statute.[7]

## VI. Class Action Allegations

30. Plaintiffs bring this action on behalf of themselves and all other persons similarly situated (hereinafter referred to as the "Class").

31. Plaintiffs propose the following Class definition, subject to amendment as appropriate:

> All persons in the United States who, at any time on or after November 14, 2016, received one (1) or more non-emergency telephone call(s) from Midland Credit Management, Inc., to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice, but had not provided prior express consent to receive such calls and/or had requested to stop calling.

32. The above-defined persons will be collectively referred to as "Class Members." Plaintiffs represent, and are Members of, the Class. Excluded from the Class are Defendant and any and all entities in which Defendant possess a controlling interest; Defendant's agents and employees; any Judge to whom this action is assigned; any member of such Judge's staff or

---

[7] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

immediate family; and claims for personal injury, wrongful death, and/or emotional distress.

33. Plaintiffs are unaware of the exact number of the Class Members, but reasonably believes that Class Members number, at a minimum, is in the thousands.

34. Plaintiffs and all Class Members have been harmed by Defendant's acts because their privacy has been violated; they were subject to annoying and harassing telephone calls that constitute a nuisance; and they were charged for Defendant's incoming telephone calls.

35. The subject Class Action Complaint seeks injunctive relief and money damages.

36. Joinder of all Class Members is impracticable due to both the large Class size and relatively modest value of each individual claim. The claims' disposition as a Class Action suit will provide substantial benefit to the parties and to the Court, avoiding multiplicity of identical suits. The Class can easily be identified by way of records maintained by Defendant and/or by the creditors on whose behalf Defendant placed the subject telephone calls.

37. There are well-defined and nearly identical questions of law and fact that affect all parties. The questions of law and fact as to the Class' claims predominate over questions that may affect individual Class Members. Such common questions of law and fact include, but are not limited to, the following:

   i. Whether non-emergency telephone calls made to Plaintiffs and Class Members' cellular telephones utilized an automatic telephone dialing system and/or artificial or prerecorded voice;

   ii. Whether Defendant placed such telephone calls;

   iii. Whether Defendant's conduct was knowing and/or willful;

   iv. Whether Defendant can meet their burden of showing that they obtained "prior express consent" (*i.e.*, clearly and unmistakably stated consent) to make such calls;

   v. Whether Defendant is liable for damages, as well as the amount of such damages; and

   vi. Whether Defendant should be enjoined from engaging in the above-mentioned conduct in the future.

38.     As a person who received telephone calls via "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," without their "prior express consent" within the meaning of the TCPA and FCC Rules, Plaintiffs assert claims that are typical of each and all Class Members. Plaintiffs have no interest that is antagonistic to the interest of any other Class Member, and they will fairly and adequately represent and protect the Class' interests.

39.     Plaintiffs has retained counsel experienced in handling Class Action claims that involve federal and state consumer protection statute violations, including claims made pursuant to the TCPA.

40.     A Class Action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential for compelling Defendant to comply with the TCPA. Each Class Member's interest in individually controlling the prosecution of a separate claim against Defendant is minute because an individual action's statutory damages for TCPA violation is small. Management of these claims is likely to be significantly less difficult than management of many other Class claims, as all of the telephone calls at issue are automated and the Class Members did not provide the statutorily required "prior express consent" to authorize the calls placed to their cellular telephone numbers.

41.     Defendant has acted on grounds generally applicable to the Class, thereby making appropriate the overall Class' final injunctive relief and corresponding declaratory relief. Plaintiffs additionally allege, upon information and belief, that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

### VII.     CAUSES OF ACTION

#### FIRST COUNT
#### VIOLATIONS OF THE
#### TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *et seq.*

42.     Plaintiffs incorporate the foregoing paragraphs of this Complaint by reference, as

if fully stated herein.

43.     Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227; *see also Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 371 (2012) ("The Act bans certain practices invasive of privacy[.]").

44.     By effectuating these unlawful phone calls, Defendant caused Plaintiffs the very harm that Congress sought to prevent—namely, a "nuisance and invasion of privacy."

45.     Defendant's aggravating and annoying phone calls trespassed upon and interfered with Plaintiffs' rights and interests in their cellular telephone and cellular telephone line, and intruded upon Plaintiffs' seclusion.

46.     Defendant's phone calls harmed Plaintiffs by wasting their time, trespassing on their phone, invading their privacy as well as causing aggravation and inconvenience.

47.     Defendant's foregoing acts and omissions constitute multiple violations of the TCPA; including, but not limited to, each and all of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

48.     Due to Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and each Class Member are entitled, pursuant to 47 U.S.C. § 227(b)(3)(B), to an award of $500.00 in statutory damages for each and every telephone call that constitutes a statutory violation.

49.     Plaintiffs and all Class Members are also entitled to, and do seek, injunctive relief to prohibit Defendant from engaging in future conduct that will violate the TCPA.

### VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court grant the following relief to Plaintiffs and to all Class Members, as against Defendant:

A.  Injunctive relief prohibiting Defendant's future violations of the TCPA;

B.  Statutorily granted treble damages of up to $1,500.00 to each Plaintiff as well as to each and all Class Members, for each and every telephone call that violated the TCPA due to Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1).

C.  Statutory damages of $500.00 to each Plaintiff as well as to each and all Class Members, for each and every telephone call that violated the TCPA due to Defendant's violations of 47 U.S.C. § 227(b)(1).

D.  An award of attorneys' fees and costs to counsel for Plaintiffs and the Class;

E.  An Order certifying this action as a proper Class Action pursuant to Federal Rule of Civil Procedure 23, establishing a Class as the Court deems appropriate, finding that plaintiff is a proper Class representative, and appointing the lawyer(s) and law firm(s) that represent plaintiff as the Class' counsel; and

F.  Such other relief as the Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury as to all issues subject to trial by jury.

/s/ Scott C. Borison
Scott C. Borison (CA Bar No. 289456)
1900 S. Norfolk St. Suite 350
San Mateo CA 94403
(301) 620-1016
Scott@borisonfirm.com

Yongmoon Kim, Esq. (*pro hac vice* to be filed)
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
ykim@kimlf.com

*Attorneys for Plaintiffs and the Proposed Class*